CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| John Doe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:21-cv-00051 |
| ) | |
| Rockingham County School Board *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Rockingham County School Board's ("RCPS") bill of costs (Dkt. 133), which RCPS filed after the court entered summary judgment in its favor. Plaintiff John Doe objects to an award of costs. For the reasons that follow, the court will exercise its discretion to deny the bill of costs.

**I.     Background**

Doe brought this action on July 15, 2021, alleging he was sexually abused by his choir teacher at Turner Ashby High School, Wesley Dunlap. (*See* Dkt. 1 at 1.) His complaint alleged several causes of action against RCPS and two school officials at Turner Ashby, Phil Judd and Sandy King. The court granted a motion to dismiss some of the claims against RCPS, Judd, and King but allowed four others to proceed. (*See* Dkts. 44, 45.) Following discovery, those defendants moved for summary judgment on the four remaining counts, which alleged a violation of Title IX of the Education Amendments of 1972, claims under 42 U.S.C. § 1983

for failure to train and supervisory liability, and gross negligence. (Dkt. 113.) The court granted their motion for summary judgment on February 19, 2025. (Dkt. 132.)[1]

On March 1, 2025, RCPS filed a bill of costs, originally for an amount of $27,252.06. (Dkt. 133.) Doe filed a response opposing the request for costs. (Dkt. 136.) Doe asks the court to exercise its discretion to deny any award of costs, and, alternatively, argues that some of the itemized costs RCPS requested are not recoverable. (*See id.*) RCPS filed a reply in which it agreed to exclude certain items and reduce its requested costs to $22,252.65. (Dkt. 137.)

## II.    Standard of Review

Federal Rule of Civil Procedure 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules, or a court order provides otherwise. Rule 54(d)(1) codified a "presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Although a district court has discretion to deny an award of costs, *see id.*, it "must justify its decision to deny costs by articulating some good reason for doing so," *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (cleaned up).

The court may deny costs to the prevailing party "only when there would be an element of injustice in a presumptive cost award." *Id.* Factors that can justify denying an award of costs include "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446). The

---

[1] Doe has also alleged several claims against Dunlap. Those claims are proceeding to trial.

losing party's good faith in bringing the litigation is a "virtual prerequisite" to overcoming Rule 54(d)(1)'s presumption in favor of awarding costs, but "good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* (quoting *Cherry*, 186 F.3d at 446).

### III.    Analysis

Doe argues that the court should decline to award RCPS costs because he filed the action in good faith, he is unable to pay the costs RCPS requests, and the issues presented by the case were particularly close or difficult. (*See* Dkt. 136 at 2–7.) RCPS contests all three of those arguments. (*See* Dkt. 137 at 2–6.)

The court finds that Doe acted in good faith in bringing claims against RCPS, Judd, and King. While the court ultimately granted summary judgment to those defendants, Doe's claims were not frivolous. He offered good-faith factual and legal arguments in support of the claims and in opposition to the motion for summary judgment. As the court's February 19, 2025 memorandum opinion reflects, resolving the claims against RCPS, Judd, and King required a close analysis of a substantial factual record. (*See* Dkt. 134.)

Because the court has no reason to question Doe's good faith, it will consider the parties' evidence and arguments related to the two factors Doe invokes: his alleged inability to pay RCPS's costs and the purported closeness or difficulty of the issues presented. The court finds that those factors justify denying an award of costs in this case.

**A. Inability to Pay**

A losing party's inability to pay alone may justify a denial of costs, provided the party pursued the case in good faith. *See Preston v. Grimes*, No. 7:19-cv-00243, 2021 WL 11716952,

at *2 (W.D. Va. Sept. 14, 2021); *Norris v. Excel Indus., Inc.*, No. 5:14-cv-00029, 2016 WL 1092706, at *3 (W.D. Va. Jan. 26, 2016), *report and recommendation adopted*, 2016 WL 1091143 (W.D. Va. Mar. 21, 2016).  Courts, including in this district, regularly deny bills of costs when the losing party has limited financial means.  *See, e.g.*, *Norris*, 2016 WL 1092706, at *3; *Lucas v. Shively*, No. 7:13-cv-00055, 2015 WL 2092668, at *3 (W.D. Va. May 5, 2015).  The losing party must provide evidence showing that he "does [not] in fact have 'the effective ability to satisfy [the prevailing party's] bill of costs.'"  *Green v. Winchester Med. Ctr.*, No. 5:13-cv-00064, 2015 WL 247871, at *3 (W.D. Va. Jan. 20, 2015) (quoting *Cherry*, 186 F.3d at 447); *see also McLaurin v. Liberty Univ.*, No. 6:21-cv-00038, 2022 WL 16953656, at *4 (W.D. Va. Nov. 15, 2022) ("[I]t is the losing party's responsibility to provide adequate documentation of its modest means and inability to pay costs[.]").

Doe has submitted an affidavit to support his argument that he lacks the ability to pay RCPS's costs.  In the affidavit, he states that his gross income for 2024 was $20,065.14 and his bank account balance is just $24.00.  (Dkt. 136-5.)  He has filed a copy of a W-2 Wage and Tax Statement for 2024 and a screenshot of a deposit account summary that appear consistent with those statements (though the account balance summary is undated).  (*See* Dkts. 136-3, 136-4.)  Doe's affidavit further states that he has not been employed since December 2024, has "had difficulty holding a steady job since the abuse," and has no income and will not have any for the foreseeable future.  (Dkt. 136-5.)  He also asserts that he has no "property, car, or any other assets" and had to move in with his mother due to his inability to pay rent.  (*Id.*)

Based on the information Doe has submitted, the court is persuaded that he lacks the ability to pay the substantial costs RCPS seeks.  The $22,252.65 in costs that RCPS requests

exceeds Doe's pre-tax income for the entirety of 2024, and Doe's current lack of income, savings, or any other assets indicates that he could not satisfy those costs in the foreseeable future. The fact that Doe's financial situation required him to move in with his mother is further evidence of his modest means. *See Lucas*, 2015 WL 2092668, at *3 (finding inability to pay costs of approximately $6,300 where the losing party earned about $14.00 an hour and lived with his spouse and two children in his parents' basement); *Agha v. SunTrust Bank*, No. 1:14-cv-102, 2015 WL 1640356, at *3 (E.D. Va. Apr. 8, 2015) (finding inability to pay where the losing party was not employed, had a negative bank account balance, and relied on her live-in partner to pay for lodging). Doe provides little support for his statement that he is unlikely to earn *any* income in the near future. But his earnings from 2024 suggest that his income likely would be quite limited even if he does find new employment. For these reasons, the court finds that Doe has adequately demonstrated his inability to pay the bill of costs.

### B. Closeness and Difficulty of the Issues

The closeness and difficulty of the issues presented in this case also weighs in favor of denying RCPS's bill of costs. The closeness of a case "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficult[y] of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. Sept. 7, 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)). When analyzing whether a case is particularly close or difficult, the court may consider both the legal and factual complexity of the issues. *See, e.g.*, *U.S. E.E.O.C. v. Enoch Pratt Free Library*, No. 8:17-cv-02860, 2022 WL 4017294, at *1 (D. Md. Sept. 2, 2022); *Musick v. Dorel Juvenile Grp.*,

*Inc.*, No. 1:11-cv-00005, 2012 WL 473994, at *2 (W.D. Va. Feb. 13, 2012). While a case resolved at the summary judgment stage often does not involve the type of close or difficult issues that justify declining an award of costs, courts in this district have relied on this factor to deny bills of costs following summary judgment. *See Lucas*, 2015 WL 2092668, at *2 (finding that the issues in the case were close and difficult where the court's decision granting summary judgment "required significant factual development"); *Trail v. Util. Trailer Mfg. Co.*, No. 1:18-cv-00037, 2020 WL 2039242, at *2 (W.D. Va. Apr. 28, 2020) (finding that the closeness factor weighed in favor of denying costs when the court's summary judgment decision "turned on a narrow issue for which little guiding precedent existed and on which the evidence fell close to the line").

The court finds that this case involved relatively close and difficult issues on summary judgment. Doe's Title IX claim in particular raised a close question related to the school officials' knowledge of sexual abuse or harassment. The court had to carefully analyze an extensive factual record to resolve the motion for summary judgment, and the Title IX claim turned on factual issues for which existing Fourth Circuit precedent provided little guidance. Considering these circumstances along with Doe's good faith and inability to pay, the court finds that Doe has shown "good reason" for denying an award of costs to RCPS. *Cherry*, 186 F.3d at 446.

## IV.    Conclusion and Order

For the reasons outlined above, RCPS's bill of costs (Dkt. 133) is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED** this 11th day of August, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE